UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAVELL DESHAUN GATES,

        Plaintiff,

v.

        Case No. 25-cv-466-pp

LELAND DUDEK,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's petition indicates

1

that he is not employed, he is not married and he has no dependents he is responsible for supporting. Dkt. No. 2 at 2. The plaintiff lists no monthly income and no monthly expenses. Id. at 2-3. He does not own his home or a car or any other property of value and he has $2 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I live with my mother and she owns the mobile home that we live in. She also pays all the bills for the home and monthly expenses. I get medical assistance from the state. Our household, including my mother and me, gets $175 in food stamps monthly. This amount fluctuates." Id. at 4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The complaint indicates that the plaintiff was denied Social Security benefits and that the final decision of the Commissioner when denying those benefits was not supported by substantial evidence and is contrary to the law. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in

2

the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 31st day of March, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**